IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELAINE M. GOMES,                         No.  CIV.S-05-0485 DAD

          Plaintiff,

     v.                                  <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

          Defendant.
_____/

          This social security action was submitted to the court,
without oral argument, for ruling on plaintiff's motion for summary
judgment and/or remand and defendant's cross-motion for summary
judgment.  For the reasons explained below, the decision of the
Commissioner of Social Security ("Commissioner") is reversed and this
matter is remanded for further proceedings.

                    **PROCEDURAL BACKGROUND**

          Plaintiff Elaine M. Gomes applied for Disability Insurance
Benefits and Supplemental Security Income under Titles II and XVI of

1

the Social Security Act (the "Act"), respectively. (Transcript (Tr.) at 61-63, 281-83.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 34-37, 29-32.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on August 15, 2001, at which time plaintiff was represented by counsel. (Tr. at 381-429.) In a decision issued on January 7, 2002, the ALJ determined that plaintiff was not disabled. (Tr. at 293-302.) The Appeals Council granted plaintiff's request for review and remanded the case to the ALJ. (Tr. at 330-32.)

A second hearing was held before the same ALJ on June 3, 2003, at which time plaintiff again was represented by counsel. (Tr. at 342-80.) In a decision issued on April 16, 2004, the ALJ again determined that plaintiff was not disabled. (Tr. at 11-23.) The ALJ entered the following findings:

> 1.   The claimant meets the nondisability requirements for a period of disability and Disability Insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.   The claimant's back problems and depression are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).
>
> 4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.   I find the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The claimant retains the residual functional capacity to sit, stand and/or walk for six hours each in an eight hour workday.  In addition, she is able to lift and carry ten pounds frequently and twenty pounds occasionally.  She is unlimited in her ability to push or pull similar amounts of weight.  Accordingly, I finds [sic] the claimant is capable of performing a significant range of work at the light exertion level.  The claimant also has a mental impairment.  She has mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and has never had an episode of decompensation.  As a result, the claimant retains the ability to understand, remember and carry out simple repetitive tasks, use judgment in work situations, respond appropriately to co-workers, supervisors and work stresses and deal with changes in work situations.

7.   The claimant's past relevant work as an office helper did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR §§ 404.1565 and 416.965).

8.   The claimant's medically determinable back problems and depression do not prevent the claimant from performing her past relevant work in the national economy.

9.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(c) and 416.920(c)).

3

1  (Tr. at 22-23.)   The Appeals Council declined review of the ALJ's

2  decision on January 21, 2005.   (Tr. at 5-8.)   Plaintiff then sought

3  judicial review, pursuant to 42 U.S.C. § 405(g), by filing the

4  complaint in this action on March 9, 2005.

5                              **LEGAL STANDARD**

6          The Commissioner's decision that a claimant is not disabled

7  will be upheld if the findings of fact are supported by substantial

8  evidence and the proper legal standards were applied.   Schneider v.

9  Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

10 Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

11 1999).   The findings of the Commissioner as to any fact, if supported

12 by substantial evidence, are conclusive.   See Miller v. Heckler, 770

13 F.2d 845, 847 (9th Cir. 1985).   Substantial evidence is such relevant

14 evidence as a reasonable mind might accept as adequate to support a

15 conclusion.   Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

16 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

17 (1971); see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir.

18 2003) (Substantial evidence "is more than a mere scintilla but not

19 necessarily a preponderance.")

20         A reviewing court must consider the record as a whole,

21 weighing both the evidence that supports and the evidence that

22 detracts from the ALJ's conclusion.   See Jones, 760 F.2d at 995.   The

23 court may not affirm the ALJ's decision simply by isolating a

24 specific quantum of supporting evidence.   Id.; see also Hammock v.

25 Bowen, 879 F.2d 498, 501 (9th Cir. 1989).   If substantial evidence

26 supports the administrative findings, or if there is conflicting

                                      4

evidence supporting a finding of either disability or nondisability,
the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
improper legal standard was applied in weighing the evidence, see
Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

          In determining whether or not a claimant is disabled, the
ALJ should apply the five-step sequential evaluation process
established under Title 20 of the Code of Federal Regulations,
Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,
140-42 (1987).  This five-step process can be summarized as follows:

          Step one: Is the claimant engaging in substantial
          gainful activity?  If so, the claimant is found
          not disabled.  If not, proceed to step two.

          Step two: Does the claimant have a "severe"
          impairment?  If so, proceed to step three.  If
          not, then a finding of not disabled is
          appropriate.

          Step three: Does the claimant's impairment or
          combination of impairments meet or equal an
          impairment listed in 20 C.F.R., Pt. 404, Subpt.
          P, App. 1?  If so, the claimant is conclusively
          presumed disabled.  If not, proceed to step four.

          Step four: Is the claimant capable of performing
          his or her past work?  If so, the claimant is not
          disabled.  If not, proceed to step five.

          Step five: Does the claimant have the residual
          functional capacity to perform any other work?
          If so, the claimant is not disabled.  If not, the
          claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant
bears the burden of proof in the first four steps of the sequential
evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner
bears the burden if the sequential evaluation process proceeds to

1  step five.   Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.

2  1999).

3  <center>**APPLICATION**</center>

4         The primary argument presented in plaintiff's motion for

5  summary judgment focuses on the ALJ's treatment of the opinions

6  rendered by examining psychiatrist, Patricia White, M.D. with respect

7  to plaintiff's residual functional capacity.   In this regard,

8  plaintiff argues that while the ALJ stated he credited the findings

9  set forth in the opinion Dr. White rendered in 2001, the ALJ actually

10 minimized Dr. White's findings and failed to incorporate them in his

11 residual functional capacity determination.   A review of the record

12 results in the conclusion that plaintiff's argument is persuasive.

13        Dr. White examined plaintiff on two occasions, first on

14 November 8, 2001 (Tr. at 241-49) and again on June 21, 2003 (Tr. at

15 261-66), shortly after the second administrative hearing.   In 2001

16 Dr. White opined that plaintiff was "mildly impaired" in a number of

17 areas of mental functioning which, according to the form she

18 completed, meant that plaintiff could perform those areas of mental

19 functioning "at a level equal to or greater than 80 to 85 percent of

20 normal in terms of speed and accuracy," but only "from 1/3 to 2/3 of

21 an 8-hour workday" and "not constantly or continuously."   (Tr. at

22 246.)   In several other areas of mental functioning, Dr. White found

23 plaintiff "moderately impaired," which meant that plaintiff's

24 performance was "substantially impaired in terms of speed and

25 accuracy and can be performed only seldom to occasionally during an

26 8-hour workday, for example, for short durations lasting from 5 to 15

<center>6</center>

minutes not totaling more than 2 to 3 hours in an 8-hour workday."

(Id.)  Finally, in her written report issued in 2001 Dr. White

concluded that plaintiff "is precluded from functioning in a

competitive work environment on an 8-hour 5-day a week basis."  (Tr.

at 245.)

In discussing the opinion rendered by Dr. White in 2001,

the ALJ stated:

> I give substantial weight to the medical findings
> of Dr. White.  The report was comprehensive, the
> assessments were well-explained and based on an
> actual examination of the claimant.  I find,
> however, that her assessment of the claimant's
> limitations is not supportive of the conclusion
> that the claimant is precluded from working.  I
> discount this portion of Dr. White's opinion.

(Tr. at 19-20.)  Later in his decision finding plaintiff not to be

disabled, the ALJ reiterated that he was giving "substantial weight

to the medical findings" of Dr. White but discounting the

"conclusion" that plaintiff "was precluded from working due to her

impairment."  (Tr. at 21.)

Based on his consideration of the medical evidence, the ALJ

found the following with respect to the mental component of

plaintiff's residual functional capacity:

> She has mild restrictions in activities of daily
> living, mild difficulties in maintaining social
> functioning, moderate difficulties in maintaining
> concentration, persistence or pace and has never
> had an episode of decompensation.  As a result,
> the claimant retains the ability to understand,
> remember and carry out simple repetitive tasks,
> use judgment in work situations, respond
> appropriately to co-workers, supervisors and work
> stresses and deal with changes in work
> situations.

(Tr. at 22-23.)  These findings by the ALJ are not supported by, and are inconsistent with, the limitations assessed by Dr. White.

For example, as noted, Dr. White found plaintiff able to understand, remember and carry out short and simple (one- or two-step) instructions or tasks only from 1/3 to 2/3 of an 8-hour workday and not constantly or continuously.  (Tr. at 246-47.)  Such a finding, which the ALJ claimed to credit, does not support the ALJ's determination that plaintiff "retains the ability to understand, remember and carry out simple repetitive tasks."  (Tr. at 22.)  As another example, Dr. White found plaintiff able to ask simple questions, request assistance, accept instructions and respond appropriately to criticism from supervisors only from 1/3 to 2/3 of an 8-hour workday and not constantly or continuously.  (Tr. at 247-48.)  That finding, if truly credited by the ALJ, would have prevented him from finding that plaintiff can "respond appropriately" to supervisors without limitation.  (Tr. at 23.)  The ALJ's determination regarding plaintiff's ability to deal with changes in the work setting is also inconsistent with the opinion rendered by Dr. White in 2001.  (Tr. at 23, 248.)  Finally, the finding that plaintiff has the residual functional capacity to perform her past relevant work is unsupported by the various moderate limitations assessed by Dr. White, especially the limitation that plaintiff could only "seldom to occasionally" complete a normal workday and workweek without interruptions from psychologically based symptoms.  (Tr. at 247.)  See Social Security Ruling 96-8p ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related

1  physical and mental activities in a work setting on a regular and

2  continuing basis.  A 'regular and continuing basis' means 8 hours a

3  day, for 5 days a week, or an equivalent work schedule."); see also

4  20 C.F.R. §§ 404.1512(a) and 416.912(a); Reddick v. Chater, 157 F.3d

5  715, 724 (9th Cir. 1998)("Because the ALJ's evaluation of residual

6  functional capacity failed to address claimant's ability to undertake

7  sustained work activity, his analysis did not comport with the Social

8  Security Administration's regulatory requirements.").

9         In light of this error, reversal is required.  The court

10  must remand this matter for further proceedings because the ALJ's

11  unclear treatment of the opinions of Dr. White is an outstanding

12  issue precluding the court from simply awarding benefits.  See

13  Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989).  On remand,

14  the ALJ shall re-evaluate Dr. White's 2001 opinion.  If the ALJ

15  remains inclined to credit the findings therein, he shall incorporate

16  those findings in the residual functional capacity determination.  If

17  the ALJ is disinclined to credit all of Dr. White's findings, he

18  shall identify which ones he accepts and which ones he rejects,

19  setting forth specific and legitimate reasons based upon substantial

20  evidence in the record to the extent he rejects any of those

21  findings.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216-17 (9th Cir.

22  /////

23  /////

24  /////

25  /////

26  /////

2005); <u>Batson v. Commissioner</u>, 359 F.3d 1190, 1195 (9th Cir. 2004);

<u>Lester</u>, 81 F.3d at 830-31.[1]

Plaintiff's next argument is that the ALJ erred in his treatment of Dr. White's opinion rendered in 2003 following her second examination of plaintiff.  This argument is also well-taken since the ALJ rejected the 2003 opinion based on disparities between it and Dr. White's 2001 opinion.  As explained above, the ALJ erred in addressing the opinion rendered by Dr. White in 2001.  Therefore, his treatment of the 2003 opinion also is flawed.  Accordingly, on remand the ALJ shall revisit the 2003 opinion of Dr. White following his reassessment of the 2001 opinion and apply the standards set

/////

_____

[1] In opposition to plaintiff's motion, defendant essentially argues that the ALJ obviously implicitly rejected some of Dr. White's findings.  Defendant then argues that substantial evidence in the record supports the ALJ's finding of nondisability.  However, this task is for the ALJ to engage in at the administrative level and is not one for counsel to undertake for the first time on appeal.  <u>See</u> <u>Barbato v. Comm'r of Social Sec. Admin.</u>, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for a remand.  And that is so even if [the Administration] can offer proper post hoc explanations for such unexplained conclusions.")(citations omitted); <u>see</u> <u>also</u> <u>Lewin v. Schweiker</u>, 654 F.2d 631, 634-35 (9th Cir.1981) (an ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).  Here, it is not at all clear that the ALJ did in fact accept some of Dr. White's findings while rejecting others, as defendant argues.  The ALJ clearly stated that he gave "substantial weight" to the medical findings and only discounted the ultimate "conclusion" reached by Dr. White regarding plaintiff's ability to work.  (Tr. at 19-20.)  Having drawn this distinction, it would appear that the ALJ was capable of distinguishing between medical findings he found compelling and those he found unsupported.  On remand the ALJ will be required to more clearly evaluate Dr. White's opinions.

forth above in assessing the impact of that opinion on the residual functional capacity assessment.

Similarly, because the ALJ erred in his treatment of the opinions of Dr. White, the determination that plaintiff is capable of performing her past relevant work as an office helper is not supported by substantial evidence in the record.  On remand, following the reevaluation of Dr. White's opinions and their impact on the residual functional capacity assessment, the ALJ shall redetermine whether plaintiff is capable of performing her past relevant work as an office helper and proceed to step five of the sequential evaluation if necessary.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment and/or remand is granted;

2.  Defendant's cross-motion for summary judgment is denied; and

3.  The decision of the Commissioner of Social Security is reversed and this case is remanded for rehearing consistent with the analysis set forth herein.  See 42 U.S.C. § 405(g), Sentence Four.

DATED: September 19, 2006.

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\gomes0485.order

11